## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |  |
|---|---|---|
| ZHAO YAN | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| HERO and JOHN DOES, | ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

**NOW COMES** Plaintiff Zhao Yan ("Plaintiff"), by and through her attorney, Atom Law Group, LLC, and for her Complaint against Defendants HERO and JOHN DOES (collectively, the "Defendants"), alleges as follows:

### NATURE OF ACTION

1. This is an action under the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030) as, on information and belief, Defendants accessed without authorization, or exceeded their authorization to access, Plaintiff's cryptocurrency computer account in order to deceptively obtain funds in the amount of $965,200.00. This action further alleges state law claims for conversion, fraud, and unjust enrichment related to the scheme whereby Defendants wrongfully caused $965,200.00 to be transferred to Defendants to Plaintiff's detriment.

### PARTIES

2. Plaintiff is a resident and citizen of Illinois.

3. Defendants are individuals, an association, or an organization operating under false identities whose location is unknown.

1

4.  Defendant HERO is the unknown owner and/or operator of the website domain hero123.cc, also representing itself as CB Payments, Ltd. ("HERO Payments") and HERO Ascending Markets Kenya Limited ("HERO Kenya").

5.  Defendant JOHN DOES are other individuals who own, operate, or are affiliated with the hero123.cc domain which is registered in "dubai, HK".

## JURISDICTION & VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because sufficient diversity of citizenship exists between the parties in this action, and the aggregate amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 as it has original jurisdiction over the federal law claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

7.  This Court has supplemental jurisdiction over all the state law claims pursuant to 28 U.S.C. § 1367.

8.  This Court has personal jurisdiction over Defendants because an Illinois resident's rights were a target of Defendants' harmful conduct, Plaintiff, an Illinois resident, was intentionally and knowingly subject to Defendants' tortious conduct, and the injury occurred in Illinois.

9.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

10.  In or around October 2022, Plaintiff was solicited through their WeChat application by unknown Defendant John Doe identifying as a user named "Tony" into making certain cryptocurrency investments.

11.    Beginning on or around November 30, 2022 through February 6, 2023 Plaintiff made a series of wire transfers from her personal Chase Bank account to her Crypto.com account. Exhibit A.

12.    Beginning on or around November 30, 2022 through February 6, 2023 Plaintiff purchased about $965,200.00 worth of cryptocurrency through Crypto.com.

13.    Plaintiff transferred all of her cryptocurrency held on Crypto.com to her private addresses at Trust Wallet, a computer application which is used for sending, receiving or storing cryptocurrencies.

14.    Trust Wallet is developed and offered as a service by DApps Platform, Inc., a Delaware Corporation.

15.    Plaintiff was instructed by the unknown Defendant John Doe identifying as a user named "Tony" to connect her Trust Wallet account to the website hero123.cc to facilitate proposed cryptocurrency investing/trading.

16. hero123.cc is a third-party website, accessible from Trust Wallet, which provides a decentralized blockchain application ("DApp") that purports to offer cryptocurrency investments.

17. hero123.cc purports to offer a variety of cryptocurrency investment and trading options which advertise significant returns. Exhibit B.

18. Plaintiff was induced by the unknown Defendant John Doe identifying as a user named "Tony" to enter into margin trading contracts offered on hero123.cc.

19.  To enter into margin trading contracts hero123.cc requires users to transfer cryptocurrency funds to a smart contract developed by the Tokenlon cryptocurrency trading platform.

20. On information and belief, this smart contract then transfers the funds to accounts controlled by Defendant JOHN DOES and/or trades the funds to make them more difficult to trace.

21. Tokenlon is developed and operated by DIGITAL ERA GLOBAL LIMITED, which on information and belief is located in the British Virgin Islands.

22. On information and belief, the margin trading contracts purportedly offered on hero123.cc are purely fictitious and used to induce users to transfers cryptocurrency funds to Defendant JOHN DOES' control.

23. Plaintiff intended to invest approximately $965,200.00 worth of cryptocurrencies on hero123.cc by transferring her funds from her private accounts to the Tokenlon smart contract.

24. Plaintiff was induced by the Defendant John Doe identifying as a user named "Tony" who promised large returns on her investment.

25. After making initial transfers to hero123.cc Plaintiff received some funds in return, offered as evidence by Defendants that the scheme was legitimate and to induce her to invest more on the application.

26. However, after Plaintiff had transferred about $965,200.00 worth of cryptocurrency to Defendants through hero123.cc no funds were returned to her.

27. In the end, Plaintiff did not receive any return on her investments, and instead lost the entirety of her funds.

## CAUSES OF ACTION

### COUNT I
### COMPUTER FRAUD AND ABUSE ACT (CFAA)
### 18 U.S.C. § 1030
### (against all Defendants)

28. Plaintiff hereby incorporates by reference and realleges the allegations set forth in

Paragraph 1 through 27 above, as if fully restated herein.

29. hero123.cc is website which provides a DApp that is engaged in and whose activities affect interstate commerce. Defendant JOHN DOES are employed by or associated with the enterprise.

30. Defendants used computer applications to gain unauthorized access to Plaintiff's cryptocurrency funds.

31. Defendants used computer applications to exceed any authority Plaintiff may have granted to access Plaintiff's cryptocurrency funds.

32. On information and belief, Defendants created a false cryptocurrency trading platform to lure victims to make investments so that they can transfer their money to Defendants' control without investors' knowledge.

33. On information and belief, Defendants knowingly and intentionally induced Plaintiff to transfer cryptocurrency funds valued at $965,200.00 through the hero123.cc DApp to accounts controlled by Defendants.

34. Defendants purposely suggested Trust Wallet as the host for its platform because Trust Wallet advertises various nonfraudulent DApps within it.

35. Plaintiff expected her funds to be returned by Defendants with a return on her investment, but the funds were never returned.

36. As a result, Defendants obtained approximately $965,200.00 worth of funds which rightfully belong to Plaintiff, thus injuring Plaintiff.

## COUNT II
## CONVERSION
## (against all Defendants)

37. Plaintiff hereby incorporates by reference and realleges the allegations set forth in

Paragraph 1 through 36 above, as if fully restated herein.

38. Plaintiff expected to receive her funds valued at $965,200.00 back and Plaintiff expected to receive profit from this investment.

39. Defendants instead wrongfully transferred all of Plaintiff's funds through the Tokenlon smart contract to accounts in Defendants' control.

40. On information and belief, Defendants transferred or traded the funds through Tokenlon to their own accounts while promising Plaintiff that she would receive profit from her investments.

41. By diverting and taking possession of the funds from Plaintiff, Defendants assumed control, dominion, and ownership over property which rightfully belongs to Plaintiff.

42. Plaintiff has a clear and ascertainable right to the funds because she originally purchased the cryptocurrency with her own dollars and was wrongfully induced to send the funds to Defendants for investing purposes.

43. Plaintiff expected and demanded the return of her funds from Defendants, but never received her funds.

44. Plaintiff notified Trust Wallet of Defendants' scheme, but Trust Wallet was not able to return the funds.

**COUNT III**
**COMMON LAW FRAUD**
**(against all Defendants)**

45. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraph 1 through 44 above, as if fully restated herein.

46. Defendants made false representations to Plaintiff by representing that hero123.cc is a legitimate platform for investing and that she would receive profit.

47. The false statements made to lure Plaintiff into investing through the hero123.cc DApp platform were made so that Plaintiff would transfer funds into a smart contract which granted Defendants control over her funds.

48. Further, Defendants lulled Plaintiff into investing more and more funds by returning some funds and telling Plaintiff to continue investing significant amounts of funds so that she would receive even more profit.

49. Defendants' statements and the hero123.cc platform itself were created to deceive Plaintiff into believing that she will receive profit from her investments through the DApp.

50. Defendants knowingly made representations with intent to illegally obtain Plaintiff's funds.

51. Plaintiff relied on Defendants misrepresentations by investing through hero123.cc with the expectation of her funds being returned.

52. Plaintiff's funds were transferred to Defendants under false pretenses.

53. Plaintiff suffered damages resulting in Plaintiff's lost funds valued at $965,200.00.

**COUNT IV**
**UNJUST ENRICHMENT**
**(against all Defendants)**

54. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraph 1 through 53 above, as if fully restated herein.

55. By illegally transferring Plaintiff's cryptocurrency valued at $965,200.00 through their wrongful conduct, Defendants unjustly retained a benefit to Plaintiff's determinant.

56. The $965,200.00 worth of funds should have been returned to Plaintiff with the promised profit, but instead Defendants absconded with the funds.

57. Defendants procured the benefit by their wrongful acts.

58. Defendants did not rightfully receive any amount from Plaintiff because their platform is purely fictitious.

59. Therefore, Defendants' retention of the benefit violates fundamental principles of justice, equity, and good conscience.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Yan, by and through her attorney, Atom Law Group, LLC, respectfully requests that this Court grant the following relief:

1. Disgorgement of the funds improperly appropriated, converted, and retained by Defendants;

2. an award of civil penalties and compensatory damages including the $965,200.00 wrongfully taken from Plaintiff;

3. an award to Plaintiff of punitive and other damages in amounts to be latter determined;

4. an award to Plaintiff of her attorneys' fees and costs incurred in bringing this action; and

5. any further relief as this Court may deem just and proper.

Dated: May 12, 2023                                    Respectfully Submitted,

                                                       */s/Sean M Sharp*
                                                       Sean Sharp (6313964)
                                                       Atom Law Group, LLC
                                                       770 N. LaSalle Dr., Suite 700
                                                       Chicago, Illinois, 60654
                                                       (P) 312-493-8000
                                                       (F) 312-943-4984
                                                       ssharp@atom.law

                                                       *Counsel for Plaintiff*

# EXHIBIT A

2/17/23, 12:16 PM
Case: 1:23-cv-03017 Document #: 1 Filed: 05/12/23 Page 10 of 15 PageID #:10
Wire activity - Base page



# PRIVATE CLIENT

Printed from Chase Private Client

| Wire date | Status | Wire to | Transaction number | Transfer amount | Amount |
|-----------|--------|---------|--------------------|-----------------:|-------:|
| Feb 6, 2023 | Completed | CryptoCom | 8004640563 | $132,000.00 | $132,000.00 USD |
| Jan 30, 2023 | Completed | CryptoCom | 8004308617 | $20,000.00 | $20,000.00 USD |
| Jan 26, 2023 | Completed | CryptoCom | 8004189059 | $110,000.00 | $110,000.00 USD |
| Jan 19, 2023 | Completed | CryptoCom | 8003955925 | $10,000.00 | $10,000.00 USD |
| Jan 17, 2023 | Canceled | CryptoCom | 8003770570 | $2,000.00 | $2,000.00 USD |
| Jan 13, 2023 | Completed | CryptoCom | 8003715735 | $85,000.00 | $85,000.00 USD |
| Jan 13, 2023 | Completed | CryptoCom | 8003731025 | $8,000.00 | $8,000.00 USD |
| Jan 13, 2023 | Completed | CryptoCom | 8003741706 | $26,000.00 | $26,000.00 USD |
| Jan 10, 2023 | Completed | CryptoCom | 8003573251 | $10,000.00 | $10,000.00 USD |
| Dec 22, 2022 | Completed | CryptoCom | 8002868368 | $90,000.00 | $90,000.00 USD |
| Dec 21, 2022 | Completed | CryptoCom | 8002798232 | $80,000.00 | $80,000.00 USD |

| Wire date | Status | Wire to | Transaction number | Transfer amount | Amount |
|---|---|---|---|---|---|
| Dec 16, 2022 | Completed | CryptoCom | 8002639435 | $80,000.00 | $80,000.00 USD |
| Dec 14, 2022 | Completed | CryptoCom | 8002500719 | $40,000.00 | $40,000.00 USD |
| Dec 13, 2022 | Completed | CryptoCom | 8002438412 | $60,000.00 | $60,000.00 USD |
| Dec 12, 2022 | Completed | CryptoCom | 8002380752 | $140,000.00 | $140,000.00 USD |
| Dec 8, 2022 | Completed | CryptoCom | 8002295275 | $26,000.00 | $26,000.00 USD |
| Dec 8, 2022 | Completed | CryptoCom | 8002302358 | $2,200.00 | $2,200.00 USD |
| Dec 6, 2022 | Completed | CryptoCom | 8002174997 | $40,000.00 | $40,000.00 USD |
| Nov 30, 2022 | Completed | CryptoCom | 8001770078 | $1,000.00 | $1,000.00 USD |
| Nov 30, 2022 | Completed | CryptoCom | 8001809408 | $3,000.00 | $3,000.00 USD |

# EXHIBIT B

🔒 hero123.cc ••• ✕

 Home 



 S ☰

| BTC/USDT -1.31% | ETH/USDT -1.41% | EOS/USDT +1.92% |
|---|---|---|
| **23386.09** | **1631.86** | **1.2139** |
| ≈23386.09$ | ≈1631.86$ | ≈1.2139$ |


Quick deposit


Second contract


Staking


Customer Service

**Launch AI smart trading**

Begin IA intelligent quantitative trading right now.



Optional | **Mainstream coins** | Change | Transaction volume

| Name ⇅ | New Price ⇅ | Change ⇅ |
|---|---|---|
| 🟠 **XAU/USD** | 1840.9 | 0.00% |


Home

Price

Trading

Derivatives

Assets

hero123.cc

| Defi mining | Staking |
|---|---|

**Funds in custody**

## 2181410.3305 USDT

Illustrate ›

| Expected earnings today | Cumulative income | Entrusting Order |
|---|---|---|
| 87256.41322 | 1095922.701096 | 1 |

Order details

---

**USDT**   Available times：1/5

| Quota | daily rate | Weekly |
|---|---|---|
| 100-10000 | 2.2-2.6% | 3 (Day) |

Subscription

---

**USDT**   Available times：1/4

| Quota | daily rate | Weekly |
|---|---|---|
| 10000-50000 | 2.6-3% | 7 (Day) |

Subscription

---

| Home | Price | Trading | Derivatives | Assets |
|---|---|---|---|---|

**Buy Down** 02-09-2023 23:02

| BTC/USDT | Quantity | Profit and loss(USDT) |
|---|---|---|
| 21809.5100 | 210.83K | 105419.50 |

| Time | Closing Time |
|---|---|
| 60s | 02-09-2023 23:03 |

**Buy Up** 02-09-2023 22:51

| BTC/USDT | Quantity | Profit and loss(USDT) |
|---|---|---|
| 21826.3400 | 57.39K | 28695.00 |

| Time | Closing Time |
|---|---|
| 60s | 02-09-2023 22:52 |

**Buy Up** 02-09-2023 22:43

| BTC/USDT | Quantity | Profit and loss(USDT) |
|---|---|---|
| 21853.6600 | 106.77K | 53385.00 |

| Time | Closing Time |
|---|---|
| 60s | 02-09-2023 22:44 |

**Buy Up** 02-09-2023 22:37

| BTC/USDT | Quantity | Profit and loss(USDT) |
|---|---|---|
| 21872.8600 | 86.65K | 43326.00 |

| Time | Closing Time |
|---|---|
| 60s | 02-09-2023 22:38 |